PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HANY M. ISKANDER, | ) | |
| | ) | CASE NO. 4:12CV02653 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** (Resolving ECF Nos. 3 and 4, *et al.)* |

*Pro se* Plaintiff Hany M. Iskander filed this action under the Freedom of Information Act

("FOIA"), 5 U.S.C. §552, against the Federal Bureau of Investigation ("FBI"), the Immigration and

Customs Enforcement Agency ("ICE"), the Ohio Attorney General, and the City of Bucyrus Police

Department in Crawford County, Ohio.  In the Complaint, Plaintiff alleges the Defendants did not

fully and adequately respond to his requests for production of documents under FOIA.  Plaintiff filed

a Motion to Add Department of Health and Human Services (DHHS) as a Defendant on November

15, 2012, claiming DHHS did not respond to his FOIA request.[1]  ECF No. 3.  That Motion is

granted.  Plaintiff seeks an order compelling each agency to produce complete, unredacted copies

of all of the materials he requested.

---

[1] The Motion also contains factual allegations relating to DHHS and exhibits supporting those allegations.  Accordingly, the Court will interpret the Motion not only as a request to add DHHS as a defendant, but also to amend the Complaint by incorporating the facts alleged in and attached to the Motion.

(4:12CV02653)

## I.  Background

Plaintiff is an inmate in the North East Ohio Correctional Center.  He is serving a sentence of 42 months incarceration for two counts of destruction, alteration or falsification of records in federal investigations, one count of health care fraud, two counts of obstruction of criminal investigations of health care offenses, three counts of alteration, destruction, mutilation, and concealment of records, and one count of conspiracy to obstruct justice.  *See United States v. Iskander*, No. 1:08 cr 416 (N.D. Ohio indictment filed Oct. 7, 2008).  Plaintiff sent requests for production of documents under FOIA to the Defendants to obtain what he hoped would be exculpatory evidence to help him appeal his convictions.

Plaintiff first claims he sent a FOIA request to the FBI on October 14, 2011.  ECF No. 1 at 1.  He provides no detail about this request.  He contends the FBI indicated on October 28, 2011, it was in possession of 2,053 pages which were potentially, but not necessarily, responsive to his request and asked him for an agreement to pay the copying costs.  ECF No. 1-1 at 1.  Plaintiff agreed to pay the charges and the FBI responded to his request on April 18, 2012.  ECF No. 1-1 at 2.  The response indicated that 515 pages were identified as responsive to his request and 367 pages were being released to him.  ECF No. 1-1 at 2.  The letter also indicated that 148 pages were being withheld because they were exempt from release under 5 U.S.C. §552 (b)(3), (6), (7)(A), 7(D), 7(E), and (j)(2).  ECF No. 1-1 at 2.  The FBI also indicated certain documents were withheld because they pertained to grand jury proceedings.  ECF No. 1-1 at 2.  Plaintiff was informed that he could appeal the decision to withhold in writing to the United States Justice Department Office of Information

(4:12CV02653)

Director within 60 days of the date of the letter.  ECF No. 1-1 at 2.  Plaintiff claims he filed a timely appeal which was acknowledged by the agency but he did not receive a response to his appeal.  ECF No. 1 at 1.

Plaintiff next alleges he submitted a FOIA request to ICE on October 7, 2011. ECF No. 1 at 2.  He contends he asked for release of the immigration officer's notes on his interview and the recommendations of the officer to the agency. ECF No. 1 at 2  Plaintiff attached a letter from ICE stating Plaintiff also asked the agency to produce a copy of his original asylum application.  ECF No. 1-1 at 4.  He does not provide any other details about that FOIA request.

ICE replied to his request on May 9, 2012, indicating it had identified approximately 399 pages that were responsive to his request.  ECF No. 1-1 at 4.  Of those pages, 373 were released in their entirety.  ECF No. 1-1 at 4  Seven pages were released in part, and 19 pages were withheld as the agency determined they contained information which is exempt form disclosure under the statute. ECF No. 1-1 at 4.  The letter indicated that Plaintiff could appeal the decision, in writing, to the USCIS FOIA Appeals Office within 60 days of the date of the letter.  ECF No. 1-1 at 4.  Plaintiff claims he filed an appeal of that decision but did not receive a timely response and did not receive the remaining documents.

Plaintiff contends he sent a request for records under FOIA to the Ohio Attorney General on June 19, 2012.  ECF No.1 at 2.  He claims the Ohio Attorney General's office initially acknowledged his request but then declined to produce the documents without a court order. ECF No. 1 at 2  He indicates they offered no administrative appeal remedies. ECF No. 1 at 2.

Plaintiff indicates he sent a request for information under FOIA to the Crawford County

3

(4:12CV02653)

Police Department on June 19, 2012. ECF No. 1 at 2  He contends the Police Department did not respond to his request. ECF No.1 at 2

Plaintiff  sent a FOIA request to the Department of Health and Human Services ("DHHS") on June 19, 2012.  ECF No. 3.  He does not provide any details about that request.  He claims he received a response from DHHS on July 26, 2012, indicating that Plaintiff requested documents pertaining to both Hany Maurice Iskander and American Pain and Anesthesia, LLC.  The agency identified approximately 5,000 pages that were potentially, but not necessarily, responsive to his request.  ECF No. 3  He was told that the cost to reproduce these documents could be $400.00 and indicated some of them may be exempt or redacted.  ECF No. 3.  The DHHS sent a letter to Plaintiff on August 21, 2012, stating they referred his request to the Office of Investigations which is conducting a search, and indicating they would contact him again within 60 days to update him on the status of the search.  ECF No. 3  He contends the agency still has not released his records or responded to his request.  ECF No. 3

Plaintiff alleges he is currently challenging his conviction on the grounds of prosecutorial misconduct, insufficiency of evidence and ineffectiveness of counsel.  ECF No. 1 at 3.  He suggests a Brady violation is proven when the agencies collectively identified approximately 8,000 documents that were potentially responsive to his request, but provided only 365 documents.[2]  ECF No. 1 at 3. He asks this court to compel the Defendants to comply with his FOIA requests and release all

---

[2]    The agencies defined the scope of their disclosure in terms of the number of *pages* that could potentially be subject to copying charges.  Plaintiff refers to the information that was produced in terms of *documents*, not pages.  Using either measure, the record does not reveal the size of the collective possible production.

4

(4:12CV02653)

pertinent documents in their entirety.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).  When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  The Court

5

(4:12CV02653)

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  Law and Analysis

#### A. __State and County Defendants__

As an initial matter, Plaintiff's FOIA claims against the Ohio Attorney General and the Bucyrus Police Department in Crawford County, Ohio, are without merit. FOIA requires federal agencies to release certain records or to make those records available for inspection unless the records are exempt from disclosure under the statute. 5 U.S.C. § 552. The statute defines the term "agency" as an authority of the Government of the United States. 5 U.S.C. § 551 (1). By definition, FOIA is applicable only to federal agencies. 5 U.S.C. § 551(1). In this case, the Ohio Attorney General and a municipal police department do not fall within the statutory definition of an "agency." *See* 5 U.S.C. § 551(1)(A)(H). They are not required to comply with Plaintiff's FOIA request and are dismissed from this action.

(4:12CV02653)

### B. Federal Agencies

Plaintiff also claims the FBI, ICE, and the DHHS improperly withheld or redacted information he requested under FOIA. FOIA confers jurisdiction on the Court to enjoin an agency from withholding records and to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). Under this provision, "federal jurisdiction is dependent on a showing by the Plaintiff that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150 (1980). FOIA requires the requester to be specific in his or her request. To trigger the right of access to records under FOIA, an individual must reasonably describe the records requested. 5 U.S.C. § 552(a)(3)(A). In doing so, the description must be "sufficiently detailed so that a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired documents." *Lamb v. I.R.S.*, 871 F.Supp. 301, 303-305 (E.D. Mich. 1994)

Requests may fall into one of three categories: (1) those requests which are outside the scope of FOIA, (2) those requests which are within the scope of FOIA or (3) those requests which seek documents or information exempt from disclosure. *See Lamb*, 871 F.Supp. at 304. Agencies are only required to produce documents actually in the agencies' possession and are not required to obtain additional documents, or to compile information into new documents. *Kissinger*, 445 U.S. at 150. Requests for legal research, and unspecific requests for answers to interrogatories also are not considered "records" within of the scope of FOIA. *See Lamb*, 871 F.Supp. at 304; *Di Viaio v. Kelley*, 571 F.2d 538, 542-43 (10th Cir.1978).

Moreover, some records, although within the scope of FOIA are exempt from disclosure

7

(4:12CV02653)

under the statute.  5 U.S.C. § 552(b). These exemptions include information or documents that are: (1) labeled as classified by Executive order; (2) related solely to the internal personnel rules and practices of an agency; (3) specifically exempted from disclosure by statute; (4) considered to contain trade secrets and privileged or confidential commercial or personal financial information; (5) inter-agency or intra-agency memorandums or letters; (6) personnel and medical files which if disclosed would constitute a clearly unwarranted invasion of personal privacy; (7) records or information compiled for law enforcement; (8) contained in or related to reports prepared by an agency responsible for the regulation or supervision of financial institutions; and (9) geological and geophysical information and data, including maps and wells.  The exemptions are narrowly construed.  *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

In a FOIA action, the facts are viewed in a light most favorable to the requester of information.  *See Becker v. IRS*, 34 F.3d 398, 405 (7th Cir.1994); *Knittel v. I.R.S.*,  795 F.Supp. 2d 713, 718-19 (W.D. Tenn. 2010). The agency bears the burden to establish that materials sought by the Plaintiff have not been improperly withheld.  *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001). "[The] agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Id.* Where the Plaintiff alleges that the agency improperly withheld documents through its failure to locate them, the agency's burden is to establish that it conducted an adequate search that failed to produce the requested records. *See Perry v. Block*, 684 F.2d 121, 127 (D.C.Cir.1982). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Knittel*, 795 F.Supp.2d at 718 (quoting *Meeropol v. Meese*, 790 F.2d 942, 956

8

(4:12CV02653)

(D.C.Cir.1986). A search is adequate if it is "reasonably calculated to discover the requested documents." *Rugiero*, 257 F.3d at 547 ("The FOIA requires a reasonable search tailored to the nature of the request."). If the agency withholds documents, it bears the burden of establishing that the materials sought are exempt under the statute from disclosure. *Kissinger*, 445 U.S. at 150.

If the agency sustains its burden of demonstrating that it conducted a reasonable search that failed to uncover any relevant documents, the burden shifts to the Plaintiff to demonstrate that the agency acted in bad faith in conducting its search. *Id.* Agency actions are generally entitled to a presumption of good faith, but "[t]his presumption may be overcome where there is evidence of bad faith in the agency's handling of the FOIA request." *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994).

Prior to examining the merits of a FOIA claim, however, the Court must first determine whether Plaintiff exhausted his administrative remedies. This is a threshold inquiry to a FOIA claim and a condition precedent to the exercise of federal court jurisdiction. *Ocon-Fierro v. Drug Enforcement Admin.*, No. 1:10–cv–1228, 2013 WL 869911, slip op. at * 4-8 (W.D. Mich. Feb. 15, 2013). This exhaustion requirement is intended to "allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." *Id*. at *4. The party seeking information under FOIA must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under FOIA. 5 U.S.C. § 552(a)(1)(2)&(3); 5 U.S.C. § 552(a)(4)(B). A plaintiff's failure to exhaust administrative remedies precludes a federal court from exercising subject-matter jurisdiction over the party's FOIA claims. *Id.*

FOIA provides for two different types of exhaustion, actual and constructive. Actual

9

(4:12CV02653)

exhaustion occurs when the agency denies all or part of a party's document requests, and Plaintiff

files the appropriate appeals which are denied by the agency. Constructive exhaustion occurs when

the agency fails to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6)(C).  The

relevant portion of the statute provides:

> Any person making a request to any agency for records under
> paragraph (1), (2), or (3) of this subsection [5 U.S.C. § 552(a) (1), (2)
> and (3) ] shall be deemed to have exhausted his administrative
> remedies with respect to such request if the agency fails to comply
> with the applicable time limit provisions of this paragraph. If the
> Government can show exceptional circumstances exist and that the
> agency is exercising due diligence in responding to the request, the
> court may retain jurisdiction and allow the agency additional time to
> complete its review of the records. Upon any determination by an
> agency to comply with a request for records, the records shall be
> made promptly available to such person making such request. Any
> notification of denial of any request for records under this subsection
> shall set forth the names and titles or positions of each person
> responsible for the denial of such request.

5 U.S.C. § 552(a)(6)(C)(I).

Two time limits are stated in 5 U.S.C. § 552(a). *See Oglesby v. U.S. Dep't. of Army*, 920 F.2d

57, 64 n. 8 (D.C.Cir.1990).  First, after receiving a FOIA request, a federal agency shall "determine

within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such

request whether to comply with such request and shall immediately notify the person making such

request of such determination and the reasons therefor, and of the right of such person to appeal to

the head of the agency any adverse determination[.]" 5 U.S.C. § 552(a) (6)(A)(I).  The second

limitation applies to appeals of a denial of a FOIA request and requires a federal agency to "make

a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and

10

(4:12CV02653)

legal public holidays) after the receipt of such appeal.  If on appeal the denial of the request for

records is in whole or in part upheld, the agency shall notify the person making such request of the

provisions for judicial review of that determination under paragraph (4) of this subsection." 5 U.S.C.

§ 552(a)(6)(A)(ii).  The 20-day period in which an agency must respond to an otherwise proper FOIA

request only commences once the request is received by a component of the agency "that is

designated in the agency's regulations under [FOIA] to receive [FOIA] requests." 5 U.S.C. §

552(a)(6)(A)(ii).

An agency may extend the response time, under certain circumstances, if it provides notice

to the requester under 5 U.S.C. § 552(a)(6)(B).  This portion of the statute provides in pertinent part

that:

> (i) In unusual circumstances as specified in this subparagraph, the
> time limits prescribed in either clause (i) or clause (ii) of
> subparagraph (A) may be extended by written notice to the person
> making such request setting forth the unusual circumstances for such
> extension and the date on which a determination is expected to be
> dispatched. No such notice shall specify a date that would result in an
> extension for more than ten working days, except as provided in
> clause (ii) of this subparagraph.
>
> (ii) With respect to a request for which a written notice under clause
> (i) extends the time limits prescribed under clause (i) of subparagraph
> (A), the agency shall notify the person making the request if the
> request cannot be processed within the time limit specified in that
> clause and shall provide the person an opportunity to limit the scope
> of the request so that it may be processed within that time limit or an
> opportunity to arrange with the agency an alternative time frame for
> processing the request or a modified request. To aid the requester,
> each agency shall make available its FOIA Public Liaison, who shall
> assist in the resolution of any disputes between the requester and the
> agency. Refusal by the person to reasonably modify the request or
> arrange such an alternative time frame shall be considered as a factor

11

(4:12CV02653)

> in determining whether exceptional circumstances exist for purposes
> of subparagraph (C).

5 U.S.C. § 552(6)(B)(i) and (ii).

**1. FBI**

In this case, Plaintiff fails to provide sufficient information to establish that he exhausted his administrative remedies or that the FBI improperly withheld agency records. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A pleading must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. This standard requires a pleading to contain more than "labels and conclusions or ... naked assertion[s] devoid of further factual enhancement." *Id.* In determining whether a plaintiff has met this standard, a court need not "accept as true a legal conclusion couched as a factual allegation." *Id.*

**a. Exhaustion of Administrative Remedies**

Plaintiff's entire claim against the FBI is stated as legal conclusions framed as factual allegations. Plaintiff is claiming he constructively exhausted his administrative remedies against the FBI. Plaintiff states, without explanation, that he "timely filed an appeal for inadequacy of search, improper partial and redacted disclosure and non-disclosure" and the "agency failed to meet the deadlines under FOIA; where there was no answer to the appeal within 20 days, no decision of head of agency (within 10 days after a request for review was filed) whether denial would be upheld, or release of withheld thousands of documents for more than one year." ECF No. 1 at 1. Plaintiff

12

(4:12CV02653)

attaches a copy of the FBI's response to his FOIA request which is dated April 12, 2012.  He does

not  attach copies of his appeal, and does not allege when he filed the appeal or to whom he sent the

appeal.  There is no way for the Court to determine from Plaintiff's conclusory statements whether

he timely appealed the agency's response within the sixty days allotted by the agency's regulations,

and whether he sent his request to the proper component of the agency designated to receive FOIA

appeals.  Because agency regulations require the appeal to be taken within 60 days, and because the

20-day period in which an agency must to respond to FOIA appeal only commences once the request

is received by the proper component of the agency, Plaintiff's conclusory statements are not

sufficient to establish constructive exhaustion of his administrative remedies.

### b.  FOIA Requests

In addition, Plaintiff's conclusory allegations fail to set forth a prima facie case for violation

of FOIA against the FBI.  Plaintiff does not provide copies of his FOIA requests to the FBI and does

not allege in his Complaint what information he requested from that agency.  He simply states

"Plaintiff requested FOIA record on 10/14/2011."  ECF No. 1 at 1.  He then claims the FBI identified

over 2000 pages which potentially, but not necessarily, were responsive to his request.  ECF No. 1-1

at 4.  The FBI indicated it released 365 pages to Plaintiff.  Plaintiff does not indicate what

information he was provided.  Without an indication of the type of information Plaintiff requested

of the FBI and the type of information Plaintiff was provided by the FBI, Plaintiff not alleged

sufficient factual allegations to suggest this agency improperly withheld agency records in violation

of FOIA.

### 2.  ICE

13

(4:12CV02653)

### a. Exhaustion of Administrative Remedies

Plaintiff also claims constructive exhaustion for his claims against ICE. Plaintiff states, without explanation, that he "timely filed an appeal for inadequacy of search and improper withholding. Agency acknowledged the receipt of appeal and made no notice of extension. Agency failed to meet deadlines under FOIA; with no decision of head of agency within 10 days, no answer to appeal within 20 days, and no disclosure of all withheld documents for over one year." ECF No. 1 at 2. Plaintiff received a response to his FOIA request on May 9, 2012. He does not attach copies of his appeal, and does not allege when he filed the appeal or to whom he sent the appeal. There is no way for the Court to determine from Plaintiff's conclusory statements whether he filed his appeal within 60 days to the proper component of the agency designated to receive FOIA appeals. The 20-day period in which an agency must to respond to a FOIA appeal does not begin to run unless the request is timely received by the correct party. Plaintiff's conclusory statements are not sufficient to establish constructive exhaustion of his administrative remedies.

### b. FOIA Request

Plaintiff contends he filed his FOIA request with ICE on October 7, 2011. He indicates he specifically asked for "release of interview and recommendations of immigration officer in Chicago." ECF No. 1 at 2. He alleges the agency acknowledged 19 pages of interview notes which it refused to release to him.

Plaintiff attaches to his Complaint a copy of the agency's response to his FOIA request. In the response, ICE indicates Plaintiff requested a copy of his original asylum application with all supporting documents, and the report/recommendations of the immigration officer's interview with

14

(4:12CV02653)

him in Chicago 2007.  The agency stated it identified 399 pages that were responsive to his request.

They produced 373 pages in their entirely and 7 pages in part.  They withheld 19 pages stating that

they contained information exempt from disclosure under 5 U.S.C. § 552(b)(5) and (b)(6).

Exemption (b)(5) provides protection for intra-agency memoranda or letters which would not

be available by law to a party other than an agency in litigation with ICE.  The agency declared that

the documents withheld under this exemption consisted of pre-decisional information, documents

or memoranda prepared in contemplation of litigation or confidential attorney/client

communications.

Exemption (b)(6) permits the government to withhold information about individuals in

personnel files, medical files, or other types of similar files which would clearly be considered an

invasion of personal privacy.  ICE indicated the documents it withheld under this statutory

exemption consisted of birth certificates, naturalization certificates, drivers' licenses, social security

numbers, home addresses, dates of birth, and other personal information pertaining to a third party.

Plaintiff alleges only that ICE failed to release all 19 pages of material pertaining to his

asylum interview in 2007.  He states without explanation that his appeal objected to the adequacy

of the search and improper withholding.  With respect to his claim for an inadequate search, Plaintiff

does not provide sufficient factual allegations to meet the basic pleading requirements of Rule 8.

He does not provide a copy of his FOIA request and provides very little information about the

request.  Much of the information concerning this request was supplied by ICE in its letter to the

Plaintiff.  He does not indicate what information the agency was unable to locate or produce.  A

claim pertaining to the adequacy of the search would require the Court to speculate on essential facts

15

(4:12CV02653)

which Plaintiff did not provide in his pleading.  A claim which merely suggests the possibility that

the Defendant may have wronged the Plaintiff does not state a claim upon which relief may be

granted.  *Iqbal*, 556 U.S. at 678.

Accordingly, the claims against ICE are dismissed without prejudice.

**3.  DHHS**

Plaintiff contends DHHS ignored his request for records.  Plaintiff alleges he requested "FOIA

record from DHHS" on June 19, 2012.  ECF No. 3 at 1.  He does not provide a copy of the FOIA

request.  On July 3, 2012, DHHS indicated it received his request and was processing it.  The agency

noted other HHS component offices or executive branch offices may have the records he requested.

Plaintiff received another letter from DHHS on July 26, 2012.  This letter indicated that Plaintiff

requests "a complete and unredeacted copy of your file as it pertains to (1) Hany Maurice Iskander

(Ibrahim) and (2) American Pan and Anesthesia, LLC."  ECF No. 3-2.  DHHS indicated that it

tentatively identified 5000 pages of records and estimated copying costs to be $ 400.00.  DHHS also

asked for Plaintiff's agreement to pay the fee.

Plaintiff received another letter from DHHS on August 21, 2012 indicating that an inquiry

had been sent to the Office of Investigations which the agency believed to be in possession of the

information Plaintiff requested.  ECF No. 3-3.  Plaintiff was told that office was conducting a search

and would provide all releaseable records when that search was complete.  The agency told him he

would be contacted within 60 days with a status update on his request.  Plaintiff claims that his

request has been pending for five months and he has not received the information he requested.  He

alleges DHHS has the authority to investigate the healthcare industry and is withholding evidence

16

(4:12CV02653)

which he could use to prove his innocence. He seeks an order from this court to compel the agency to release the information requested.

Plaintiff has alleged sufficient facts demonstrating that he constructively exhausted his administrative remedies with respect to DHHS. 5 U.S.C. § 552(a)(6)(C). The facts alleged in the Complaint and those evident from the documents Plaintiff attached as exhibits to his Motion indicate Plaintiff did not receive a response to his FOIA request within the time period set forth in the statute. Plaintiff appears to have constructively exhausted his administrative remedies. The constructive exhaustion provision of 5 U.S.C. § 552(a)(6)(C) allows immediate recourse to the courts to compel the agency's response to a FOIA request. Because the allegations show that DHHS simply never acted on Plaintiff's FOIA request, Plaintiff states a viable claim under FOIA against this Defendant.

## IV. Conclusion

Plaintiff's claims against Crawford County and the Bucyrus Police Department are dismissed with prejudice pursuant to 28 U.S.C. §1915A. Plaintiff's claims against the FBI and ICE are dismissed without prejudice pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action will proceed solely against DHHS.

At this juncture, the Court finds it appropriate to resolve Plaintiff's "Motion to Expedite the Issue of Summons and Extend Time of Service" docketed at ECF No. 4. The Court will permit Plaintiff an additional 45 days to effectuate service upon the remaining defendant, DHHS. Because Plaintiff does not provide the Court with a post-incarceration mailing address, the Court orders the

17

(4:12CV02653)

Clerk's Office to forward a copy of this Order to Plaintiff's email address at hannahany@yahoo.com.

Plaintiff must thereafter provide the Clerk's Office with a valid address for service.  The Court also

orders the Clerk's Office to forward a copy of the summons and U.S. Marshal form to Plaintiff's

email address, to be filled out by Plaintiff and returned to the Clerk's Office for service upon DHHS.


IT IS SO ORDERED.


 April 12, 2013                                          /s/ Benita Y. Pearson
Date                                                    Benita Y. Pearson
                                                        United States District Judge

18